Commonwealth ex rel. Lallou, Appel., *v.* Lallou.

Argued March 14, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*William T. Connor,* with him *John R. K. Scott* and *Hardie Scott,* for appellant.

*John Mulford,* with him *Drinker, Biddle & Reath,* for appellee.

PER CURIAM, April 11, 1944:

On November 27, 1926, the Municipal Court entered an order directing George E. Lallou to pay to his divorced wife, Margaret M. Lallou, the sum of $18 per week for the support of their minor child, George E. Lallou, Jr.

On August 4, 1939, a stipulation was entered into between George E. Lallou and his divorced wife, then remarried, Margaret M. Watson, increasing the support order for the son from $18 per week to $100 per month, an increase of $264 a year; it being stated in the stipulation that the increase was "for the purpose of contributing to the increased expense necessitated by the educational requirements of said George E. Lallou, Jr." At the time of said stipulation the boy was 15 years old. He was not entering college and a college education was not mentioned in the stipulation.

The Municipal Court, pursuant to the stipulation, on the same day directed that the order for the minor's support be increased to $100 per month, as of September 1, 1939, to continue during his minority.

In November, 1943, George E. Lallou, filed his petition in said court setting forth that his son, George E. Lallou, Jr., had been inducted into the army of the United States on July 9, 1943, and had started to serve in said army on August 1, 1943, and was then serving in said army. Averring that there is no present necessity for the payment of any sum or sums for the support of his son while he is a member of the army of the United States, he asked the court to suspend the said orders during such period of time as the said George E. Lallou, Jr. continued to serve in the army of the United States.

A hearing was held on November 12, 1943, after which, the court on December 7, 1943 entered an order suspending the orders of November 17, 1926 and August 4, 1939 "during such time as George E. Lallou, Jr., the minor son, shall continue in the army of the United States of America". The divorced wife—now Margaret M. Brown—appealed.

We find no abuse of discretion in the order of the court below.

The evidence in the record shows that the boy was

graduated from the school he was attending just before his induction into the army. He is now nearly 20 years old. He receives minimum pay of $50 monthly in addition to quarters and subsistence. We agree with the court below that this is sufficient for his comfortable support and maintenance.

Appellant contends that because in her answer to appellee's petition she averred that *$50 a month* is inadequate to meet her son's needs, and the averment was not denied, it must be taken to be admitted.

In the first place, the answer was first *presented* at the hearing on November 12, 1943, her attorney saying: "I have an answer which I am going to file. I want to read it to the Court." It was then read, but the docket entries certified to us contain no note of its having been filed. But considering it filed, it does not warrant the admission contended for. Because (1) it fails to state that the boy received his quarters and subsistence in addition to $50 a month, and (2) it recognizes the adequacy of the boy's present subsistence by suggesting that the money (that is, $100 per month) should be "segregated for the boy's education when he is discharged from the Armed Forces of the United States", thus admitting that the orders suspended are not *presently* needed for his support. And his education other than that provided in the army, cannot be supplemented or continued as long as he is in the army of the United States.

Order affirmed.